GARY M. RESTAINO
United States Attorney
District of Arizona
ASHLEY CULVER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Emails: ashley.culver@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Hector Lagarda-Gil,<br><br>         Defendant/Movant,<br><br>vs.<br><br>United States of America,<br><br>         Respondent. | CV-24-00345-TUC-SHR<br>CR-22-01607-TUC-SHR (JR)<br><br><br>GOVERNMENT'S RESPONSE TO MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (2255) |

Respondent, United States of America, by and through its undersigned attorneys, files this response asking the Court to deny Defendant/Movant's Motion to Vacate, Set Aside or Correct Sentence. (CV- ECF Doc. 1.) The defendant received effective assistance of counsel, and pleaded guilty knowingly, intelligently, and voluntarily. The defendant cannot show that his counsel's representation fell below an objective standard of reasonableness, and he cannot show that he was prejudiced by counsel's performance. The defendant's motion should be denied without an evidentiary hearing.

**I.   Procedural Facts**

   **a.   Conspiracy to Distribute Methamphetamine Case**

   The defendant and movant, Jesus Hector Lagarda-Gil, was arrested on June 29,

2022. (CR-ECF Doc. 1.)[1] On July 21, 2022, the grand jury indicted the defendant on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and four counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. (CR-ECF Doc. 25.)

The defendant retained Jose Mendoza to represent him, and Mr. Mendoza became counsel of record on August 8, 2022. (CR-ECF Doc. 27.) On September 21, 2023, the defendant had a change of plea hearing before U.S. Magistrate Judge Jacqueline Rateau and entered into a plea agreement. (CR-ECF Doc. 67.) The plea agreement included stipulations to the guideline calculations, including a two-level enhancement for aggravating role under U.S.S.G. §3B1.1(c). (CR-ECF Doc. 68.) The plea agreement also included a stipulated sentencing range of 168 to 180 months of imprisonment and permitted the defendant to argue for a downward variance to the mandatory minimum term of 120 months. (CR-ECF Doc. 68.) The defendant personally signed the plea agreement. (CR-ECF Doc. 68.)

During the change of plea hearing, Judge Rateau told the defendant that the agreed-upon sentencing range in the plea was 168 months to 180 months, and that the defendant may argue for a variance down to the mandatory minimum term of 120 months. (COP TR 6:7-23.)[2] The judge also reiterated that a term in the plea was that the parties agree that the defendant was an aggravating participant for purposes of role analysis. (COP TR 7:1-3.) Judge Rateau then asked the defendant if the sentencing portion of his plea agreement as he understood it had been accurately summarized, and the defendant replied, under oath, "Yes, your Honor." (COP TR 7:19-24.) The judge also asked if the defendant signed the plea after reviewing it with his attorney, and the defendant stated he had. (COP TR 7:24-25; 8:1.) Judge Rateau next advised the defendant of the trial rights he was giving up by

---

[1] CR-ECF refers to the docket for the defendant's criminal case: CR22-01607-TUC-SHR (JR).

[2] COP TR refers to the change of plea transcript.

pleading guilty and asked the defendant if he wished to waive those rights. (COP TR 8-9.) The defendant stated he did. (COP TR 9:5.)

Judge Rateau explained the maximum penalties that could result from the defendant's guilty plea. The judge told the defendant that the penalties he faced were a fine of up to $10,000,000, a term of imprisonment of up to life with a minimum mandatory term of ten years, and anywhere from five years to a lifetime of supervised release. (COP TR 9: 6-11.) The defendant stated he understood. (COP TR 9:12.) Judge Rateau recited the factual basis as it was written in the plea, and asked the defendant how he was pleading. (COP TR 14:18-20.) The defendant replied, "Guilty." (COP TR 14:21.)

At the sentencing hearing on January 22, 2024, the Court asked the defendant if he was satisfied with the services that Mr. Mendoza provided him in this matter, and the defendant stated he was. (SE TR 3:13-15.)[3] The Court also went over the plea's sentencing range of 168 to 180 months, and the maximum possible penalty under the plea of 180 months. (SE TR 4:6-14.) Mr. Mendoza asked the Court to impose the lowest sentence possible under the plea agreement, the mandatory minimum term of 120 months. (SE TR 19:10-12, 19-21.) The government requested a sentence of 168 months. (SE TR 11:10-12.) The Court imposed a sentence of 132 months followed by five years of supervised release. (SE TR 14:5-9.)

On January 29, 2024, Mr. Mendoza moved to withdraw as counsel for the defendant, and on January 31, 2024, the motion was granted.

**b.    2255 Motion**

On July 11, 2024, the defendant/movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV-ECF Doc. 1.)[4] On October 9, 2024, the Court ordered the government to file a response within 60

---

[3] SE TR refers to the sentencing transcript.

[4] CV-ECF refers to the docket in CV-24-00345-TUC-SHR.

days. (CV-ECF Doc. 3.) In its order, the Court summarized the three grounds for relief that the defendant asserted in his motion: (1) ineffective assistance of counsel for failing to adequately investigate the case and explain the impact of, and alternative to, a guilty plea; (2) the defendant's guilty plea not being entered into knowingly, intelligently, and voluntarily; and (3) ineffective assistance of counsel for failing to investigate the defendant's criminal history and correct misinformation that caused his sentence to be enhanced.

Mr. Mendoza emailed undersigned counsel a Declaration addressing the defendant's ineffective-assistance-of-counsel claims, which is attached as Government's Exhibit 1: Declaration of Jose Mendoza.

The government requested an extension of time to respond. (CV-ECF Doc. 4.) The Court granted the motion and the government's response is now due January 23, 2025. (CV-ECF Doc. 5.)

The defendant's current, projected release date is September 25, 2031.

## II. Law and Arguments

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing court vacate, set aside, or correct the sentence on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

A court must make a threshold determination of whether an evidentiary hearing is required to adjudicate a defendant's claims. *See* 28 U.S.C. § 2255(b). A petitioner is entitled to an evidentiary hearing on his § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (stating that summary dismissal is warranted if petitioner's allegations are "palpably incredible or patently frivolous"). However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving part is not entitled to relief, the judge must

dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceeding.

### a.   Ineffective-Assistance-of-Counsel Standards and the Effect of a Guilty Plea

To obtain relief for a claim of ineffective assistance of counsel, a defendant must show both: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984); *see also Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (the prejudice analysis focuses on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness). The sentencing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,…that course should be followed." *Id.*

Courts must consider ineffective-assistance-of-counsel claims with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett,* 970 F.2d 614, 618 (9th Cir. 1992) (citing *Strickland*, 466 U.S. at 688.) To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled

that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.") (citing *Tollett*, 411 U.S. at 267). Thus, Movant's guilty plea limits the breadth of issues that he may raise and he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient]." *Tollett*, 411 U.S. at 267.

A plea is voluntary and intelligent if, under the totality of the circumstances, the defendant is made aware of the direct consequences of the plea, the "essential ingredient" of which is the maximum possible penalty. *See Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 1988).

1. Defendant's First Claim: Failure to Adequately Investigate the Case and Explain the Impact of, and Alternatives to, a Guilty Plea.

The Court should deny the defendant's first claim because it is directly contradicted by the record, and he fails to show prejudice. In his motion, the defendant makes several factual assertions under Ground One as to why his attorney was ineffective. He alleges that Mr. Mendoza failed to explain and discuss options and alternatives to a guilty plea, failed to explain the charges, the elements, and the enhancements, and failed to discuss the defendant's decision to plead guilty. (CV-ECF Doc. 1 at 4.)

At the change of plea hearing, the defendant admitted in open court he was guilty of the offense charged after he was informed of the maximum penalties he faced, the rights he was giving up, the elements of the charge, and the specific terms of the plea agreement. (COP TR 6-14.) The defendant assured the court that he signed the plea agreement after going over it with his attorney, and Mr. Mendoza stated that he reviewed the plea with the defendant in Spanish.[5] (COP TR 5:24-25, 6:1, 7:24-25, 8:1.) A term of the plea included an enhancement for aggravated role, which the defendant stated he understood. (COP TR

---

[5] The defendant is a Spanish speaker and was assisted by the Court's interpreter at all court hearings. (*See* CR-ECF Docs. 3, 67, 91.)

- 6 -

7:1-3, 19-24.) Additionally, Mr. Mendoza's Declaration states that he met with the defendant 24 times where he explained the impact of proceeding to trial as opposed to negotiating a plea agreement, the exposure the defendant faced if he went to trial and lost, and the likely offense level computation including the managerial role and importation of methamphetamine enhancements. (*See* Ex. 1 at ¶ 5.)

The defendant also claims, under Ground One, that he was prejudiced by defense counsel, because "[h]ad Counsel apprised, properly informed, not misled or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty or would have opted differently or sought the most favorable plea offer." (Typos corrected).[6] The defendant does not explain what self-serving statements he is referring to, but the disclosure in this case involved the defendant's own incriminating statements to an undercover agent, and statements from a confidential informant. (CR-ECF Doc. 88.) Mr. Mendoza informed the defendant of those statements and reviewed and evaluated all of the disclosure to determine whether there was a good-faith basis to suppress the evidence – he determined there was not. (*See* Ex. 1 at ¶¶ 3-4.) The defendant cannot show that Mr. Mendoza's advice to accept the government's plea offer prejudiced him (or was deficient), and the defendant's motion should be denied.

2. <u>Defendant's Second Claim: The Defendant's Guilty Plea was Entered "Unknowingly, Unintelligently and Involuntary."</u>

The Court should deny the defendant's second claim because it is also contradicted by the record. The defendant's Motion, under Ground Two, claims that defense counsel provided misleading, inaccurate, and deceptive advice, and omitted facts from the defendant. Specifically, the defendant claims that Mr. Mendoza was ineffective for failing

---

[6] This sentence in the defendant's Motion contained numerous typos. Undersigned counsel corrected the typos without placing "[sic]" after the corrected words. Please refer to CV-ECF Doc. 1 at 5 for the unedited sentence.

to correct the two-level enhancement for aggravated role in the PSR.

The two-level enhancement was a bargained-for term in the defendant's plea agreement. (CR-ECF Doc. 64.) Judge Rateau went over the term during the change of plea hearing. (COP TR 7:1-3, 19-24.) And Mr. Mendoza explained the enhancement to the defendant prior to the defendant pleading guilty. (*See* Ex. 1 at ¶¶ 5-6.) It was a term that the defendant was aware of and agreed to prior to pleading guilty. The record contradicts the defendant's second claim.

The defendant also fails to show prejudice. If Mr. Mendoza objected to the PSR applying the two-level enhancement, then the government would have withdrawn from the plea agreement. In other words, if Mr. Mendoza had been "effective" in the defendant's view and objected to the PSR, the defendant would have been facing trial with a maximum penalty of life in prison instead of a sentence between 120 and 180 months.

The defendant also claims that he was prejudiced because had defense counsel "challenged all evidence statements used against" him, he "would have proceeded to trial and or sought the most favorable plea offer." (Typos corrected).[7] Again, the defendant does not explain what statements he believes defense counsel should have challenged, and he fails to show with a reasonable probability that if defense counsel had challenged the statements, then the result of his case would have been different. The defendant has failed to show prejudice and his motion should be denied.

3. <u>Defendant's Third Claim: Failure to Investigate the Defendant's Criminal History and Correct Information that Caused his Sentence to be Enhanced.</u>

The defendant's third claim is contradicted by the record and this Court should deny it. Under Ground Three in the defendant's Motion, he claims Mr. Mendoza was ineffective for failing to correct the information in the PSR, specifically the enhancement for managerial role, and for failing to investigate the defendant's criminal history. As

---

[7] Refer to CV-ECF Doc. 1 at 6 for the unedited sentence.

previously mentioned, Mr. Mendoza's failure to object to, or correct, the aggravated role enhancement was not ineffective assistance and did not prejudice the defendant.

The defendant has no criminal history in the United States and the Court properly found that the defendant was in Criminal History Category I. (TR SE 3:21-23.) The defendant's motion does not specify what investigation he believes Mr. Mendoza should have done, but based on the defendant's *lack* of criminal history, there was nothing for his attorney to investigate. The defendant's claim is without merit and should be denied.

### III. Conclusion

Movant's claims of ineffective assistance of counsel are contradicted by the record and Movant's admissions during the change of plea hearing. He is not entitled to an evidentiary hearing or relief under § 2255, and his petition should be denied.

Respectfully submitted this 20th day of December, 2024.

GARY M. RESTAINO
United States Attorney

 *s/Ashley Culver*
ASHLEY CULVER
Assistant United States Attorney

Copy of the foregoing served
via US Postal Service on the
20th day of December, 2024, to:

ALL ECF Participants

Jesus Hector Lagarda-Gil, Pro Se
Register Number: 09376-510
FCI Thompson
P.O. Box 1002
Thompson, IL 61285