**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Jesus Hector Lagarda-Gil,<br>　　　　　Defendant/Movant. | No.　CV-24-00345-TUC-SHR<br>　　　CR-22-01607-TUC-SHR (JR)<br><br>**Order Denying § 2255 Motion** |

　　　　Pending before the Court is Movant Jesus Hector Lagarda-Gil's Motion to Vacate, Set Aside, or Correct a Sentence pursuant 28 U.S.C. § 2255. (Doc. 1 in CV-24-00345.) For the following reasons, Movant's Motion is denied without a hearing.

**I.　　Background**

　　　　On July 21, 2022, a grand jury indicted Movant on one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and four counts of Possession with Intent to Distribute Methamphetamine in violation of § 841. (Doc. 25 in CR-22-01607.) On September 21, 2023, Movant had a change of plea hearing before U.S. Magistrate Judge Jacqueline Rateau and entered into a plea agreement. (Doc. 67 in CR-22-01607.) The plea agreement included stipulations to the guideline calculations, including a two-level enhancement for an aggravating role under U.S.S.G. § 3B1.1(c). (Doc. 68 in CR-22-01607.) The plea agreement also included a stipulated sentencing range of 168 to 180 months of imprisonment and permitted Movant to argue for a downward variance to the mandatory minimum term of 120 months. (*Id.*) Movant signed the plea

agreement, indicating he pled guilty to Conspiracy to Distribute Methamphetamine in violation of §§ 841 and 846. (*Id.*)

On January 22, 2024, the Court sentenced Movant to a 132-month term of imprisonment followed by five years of supervised release. (Doc. 94 in CR-22-01607.) At the sentencing hearing, the Court asked Movant if he was satisfied with the representation defense counsel had provided him in this matter, and Movant stated he was. (Doc. 101 at 3:13–15 in CR-22-01607.)  The Court also asked Movant if counsel answered any questions he had about the case report or his case in general, and Movant said counsel had done so. (Doc. 101 at 3:9–12 in CR-22-01607.)  The Court also went over the plea's sentencing range (168–180 months). (*Id.* at 4:6–14.) Counsel asked the Court to impose a 120-month sentence, the lowest sentence possible under the plea agreement's downward variance. (*Id.* at 7:10–12, 19–21.) The Government requested a sentence of 168 months. (*Id.* at 11:10–12.) Ultimately, Movant's sentence was the result of a downward variance and was much lower than the Government's requested sentence. (Doc. 94 in CR-22-01607.)  Thereafter, defense counsel moved to withdraw from his representation of Movant, and the Court granted that motion. (Docs. 95, 96 in CR-22-01607.)

In his § 2255 Motion, Movant asserts three grounds for relief. (Doc. 1 in CV-24-00345.) In Ground One, Movant asserts trial counsel failed to adequately investigate the case and explain the impact of, and alternatives to, a guilty plea. (*Id.*) In Ground Two, Movant claims his guilty plea was entered "unknowingly, unintelligently and involuntarily." (*Id.*) In Ground Three, Movant contends counsel failed to investigate his criminal history and correct misinformation that caused his sentence to be enhanced. (*Id.*) The Government opposes the Motion. (Doc. 6 in CV-24-00345.)

**II.    Legal Standards**

Under § 2255, the sentencing court may vacate, set aside, or correct a federal prisoner's sentence if "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." A convicted defendant asserting a claim of ineffective assistance of counsel must show both deficient performance

1    and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a criminal defendant pleads guilty, he cannot "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but instead "may only attack the voluntary and intelligent character of the guilty plea by showing" counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973). To establish prejudice on a claim of ineffective assistance of counsel challenging the voluntary and intelligent character of a guilty plea, a defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A petitioner is generally entitled to an evidentiary hearing on his § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (noting summary dismissal is warranted if movant's allegations are "palpably incredible or patently frivolous"). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**III.    Discussion**

As detailed below, Movant's claims lack merit. As a threshold matter, the Court finds Movant is not entitled to an evidentiary hearing because the Motion and records conclusively show he is not entitled to relief. § 2255(b); *see also Leonti*, 326 F.3d at 1116.

    A.    <u>Ground One: Pre-Plea Actions—Ineffective Assistance of Counsel</u>

Movant contends his attorney provided deficient representation in explaining and

- 3 -

discussing options and alternatives to entering a guilty plea, explaining the charges, the elements, and the enhancements Movant faced, and discussing Movant's decision to plead guilty.  (Doc. 1 at 4 in CV-24-00345.)  However, Movant's own statements at the change of plea hearing preclude many of his arguments under this claim and his counsel's declaration also shows no deficiency in counsel's performance.  According to counsel's declaration, counsel met with Movant 24 times, and, in those meetings, he explained the risks of proceeding to trial as opposed to negotiating a plea agreement, the potential sentence Movant faced if he went to trial and lost, and the projected sentencing computation including enhancements.  (Doc. 6-1 ¶ 5 in CV-24-00345.)  The record reflects Movant was repeatedly advised, by counsel and the Magistrate Judge, about various aspects of the plea and the extent of the penalties he faced.  (Doc. 6-2 at 6–14 in CV-24-00345.)  During his change of plea hearing, Movant stated he understood he was subject to the aggravating participant enhancement and indicated he only signed the plea agreement after reviewing it with his attorney.  (Doc. 102 at 7:1–8, 7:19–8:1 in CR-22-01607.)  Thus, counsel's performance was not deficient.

Even if Movant could show deficient performance, the Court would still deny his Motion on this ground because he was not prejudiced.  To prove prejudice, Movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 694.  Here, there is no reasonable probability Movant would not have pled guilty had he been fully advised of the realities involved in the plea negotiations.  The record shows Movant pled guilty after receiving such advisements.  Movant claims he was prejudiced by defense counsel's deficient performance because had counsel "apprised, properly informed, not misled or deceived [him], engaged in plea negotiations, investigated th[e] facts, and challenged self-serving statements used against [him], [he] would not have entered a plea of guilty or would have opted differently or sought the most favorable plea offer."  (Doc. 1 at 4 in CV-24-00345.)  As the Government points out in its response, the disclosure in this case involved Movant's own incriminating statements to an undercover agent, as well

as statements from a confidential informant. (Doc. 6 at 7 in CV-24-00345; *see* Doc. 88 at 4 in CR-22-01607.) Counsel informed Movant of those statements and determined there was not a good-faith basis to suppress the evidence after reviewing and evaluating all disclosure in this case. (*See* Doc. 6-1 ¶¶ 3–4.) Therefore, Movant cannot show counsel's advice to accept the Government's plea offer prejudiced him.

B.  Ground Two: Guilty Plea was Entered Unknowingly, Unintelligently and Involuntarily

Movant contends his guilty plea is "null and void" because it was entered unknowingly, unintelligently, and involuntarily due to counsel's "misleading, inaccurate, [and] deceptive" advice. (Doc. 1 at 5 in CV-24-00345.) A plea is voluntary and intelligent if, under the totality of the circumstances, the defendant is made aware of the direct consequences of the plea, the "essential ingredient" of which is the maximum possible penalty. *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006). Based on the foregoing evidence, Movant entered the plea knowingly and was not deprived of any opportunities by counsel's performance. Therefore, this claim similarly lacks merit.

C.  Ground Three: Post-Plea Ineffective Assistance of Counsel

Movant contends his counsel failed to investigate his criminal history and to correct information causing his sentence to be unnecessarily enhanced. (Doc. 1 at 7 in CV-24-00345.) However, as the Government points out in its response, Movant had no criminal history. (Doc. 6 at 9 in CV-24-00345; *see* Doc. 101 at 3:21-23 in CR-22-01607.) Therefore, no amount of investigation into his criminal history was warranted, as his sentence was already predicated upon no criminal history. And, as stated above, counsel's failure to "correct" the aggravated role enhancement was not a prejudicial error, because Movant knowingly agreed to the plea containing the aggravated role enhancement and his counsel successfully argued for a downward departure from the plea's range. So, it would have served no strategic end and would have likely put Movant in a worse position had his counsel objected to that aspect of the Pre-Sentence Report. Therefore, this claim fails.

**IT IS ORDERED** the Motion (Doc. 1 in CV-24-00345) is **DENIED.**

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's ruling debatable. *See* § 2253(c)(2).

Dated this 15th day of September, 2025.

Honorable Scott H. Rash
United States District Judge