**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jesus Hector Lagarda-Gil,<br>Petitioner/Movant,<br>v.<br>United States of America,<br>Respondent. | No. CV-24-00345-TUC-SHR<br>**ORDER** |

Pending before the Court is Movant Jesus Hector Lagarda-Gil's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 13.) Movant seeks relief under Rules 60(b)(1) and 60(b)(6) from the judgment denying his motion under 28 U.S.C. § 2255. For the following reasons, the Court will grant limited relief to permit adjudication of a claim omitted from its prior analysis.

## I. Background

Movant's original § 2255 motion challenged counsel's advice concerning his guilty plea, the voluntariness of that plea, and counsel's handling of his criminal history and presentence report. (Doc. 1.) The form motion also expressly asserted, in Ground Four, "counsel failed to file a direct appeal," and referred to Movant's accompanying declaration. (*Id.* at 8.) Although the memorandum's section labeled "Ground Four" concerned plea negotiations rather than an appeal, the accompanying declaration specifically alleged Movant had "directed Counsel to file a direct appeal," "[n]o appeal was filed," and Movant

subsequently attempted to contact counsel without success. (Doc. 1-2 ¶ 2; Doc. 1-3 at 6–7.) Thus, notwithstanding the inconsistent numbering, the original filing expressly presented an appeal-related ineffective-assistance claim supported by factual allegations.

The Court's order requiring a response described the motion as asserting three grounds for relief and did not identify the appeal-related claim. (Doc. 3 at 1–2.) The Government's response relied on that three-ground description and addressed only those grounds. (Doc. 6 at 4, 6–9.) Defense counsel's supporting declaration discussed his investigation, plea negotiations, advice concerning sentencing, and eventual withdrawal, but did not address whether Movant instructed him to file an appeal. (Doc. 6-1.)

On September 15, 2025, the Court denied the § 2255 motion without an evidentiary hearing. (Doc. 8.) The Order likewise described the motion as asserting three grounds and separately analyzed those grounds. Although the Order denied the motion in its entirety, it did not identify or analyze the appeal-related claim asserted in Ground Four of the form motion. Judgment was entered the same day. (Doc. 9.) The Ninth Circuit subsequently denied Movant's request for a certificate of appealability. (Doc. 12.) In the present Motion, Movant challenges the denial of an evidentiary hearing and asserts the Court failed to adjudicate all his claims, specifically his allegation counsel disregarded an instruction to appeal. (Doc. 13.)

**II. Rule 60(b)**

Rule 60(b)(1) permits relief from a final judgment for mistake, including judicial legal error. *Kemp v. United States*, 596 U.S. 528, 530 (2022). A motion for relief from judgment under Rule 60(b) may seek to correct an error in the process by which the Court considered a § 2255 motion, such as failing to address a claim the movant presented. It may not, however, be used merely to ask the Court to reconsider its rejection of a constitutional claim it already decided. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). The Ninth Circuit applies this distinction to Rule 60(b) motions seeking relief from judgments denying § 2255 motions. *See United States v. Winkles*, 795 F.3d 1134, 1141 (9th Cir. 2015). Such

a motion must be filed within a reasonable time and no more than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1).[1] Rule 60(b)(6) supplies residual relief when the grounds specified in the preceding subsections do not apply.

**III. Discussion**

The Court's prior order did not analyze Movant's allegation counsel failed to file a direct appeal as directed by Movant. That allegation concerns conduct distinct from the plea-advice and sentencing issues addressed in the Order. The Court's discussion of those issues did not resolve whether Movant instructed counsel to appeal or whether counsel disregarded such an instruction. To this limited extent, Movant's Rule 60 Motion identifies an omission in the prior collateral proceeding and does not seek a second merits determination of an already adjudicated claim.[2] Relief under Rule 60(b)(1) is warranted to correct that omission. Because Rule 60(b)(1) provides an adequate basis for this limited relief, the Court need not determine whether the same omission would independently justify relief under Rule 60(b)(6).

An attorney's failure to file an appeal despite a defendant's express instruction can constitute ineffective assistance even when the defendant has agreed to an appeal waiver. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197–98 (9th Cir. 2005); *Garza v. Idaho*, 586 U.S. 232, 235 (2019). The inquiry is not resolved merely by determining that an appeal likely would have been unsuccessful. Such a challenge is properly raised in a motion under § 2255. *See Sandoval-Lopez*, 409 F.3d at 1197–98.

Here, Movant's allegation has not yet been addressed by the government or former counsel. Counsel's existing declaration does not establish whether an appeal was requested, what consultation occurred, or what communications followed sentencing. The

[1] The Court finds Movant's Motion was timely filed.

[2] Movant's remaining arguments principally challenge the Court's evaluation of the record, reliance on the plea colloquy, resolution of credibility disputes, prejudice analysis, and decision to deny a hearing on the claims previously adjudicated. (Doc. 13 at 2, 4–7.) Those arguments seek renewed consideration of the merits, notwithstanding their characterization as procedural defects. Accordingly, the Court will not address the remaining arguments. *Gonzalez*, 545 U.S. at 531–32.

Court will require a supplemental response directed to those matters before determining the appropriate further proceedings. The supplemental response must also address Ground Four's allegation counsel failed to explain the possibility of a direct appeal. The Court will determine after reviewing the supplemental submissions whether an evidentiary hearing or other proceedings are necessary.

**IV. Conclusion**

**IT IS ORDERED:**

1. Movant's Motion for Relief from Judgment (Doc. 13) is **GRANTED IN PART** under Federal Rule of Civil Procedure 60(b)(1), solely to permit adjudication of Ground Four of the original § 2255 motion. The remaining portions of the Motion are **DENIED**.
2. The Court's September 15, 2025 Judgment (Doc. 9) is **REOPENED** to that limited extent. The Court's disposition of Grounds One through Three remains undisturbed.
3. Within **thirty (30) days** of this Order, the United States shall file a supplemental response addressing Ground Four, including whether Movant instructed former counsel to file a direct appeal; the timing and substance of any such instruction and any subsequent communications; whether counsel consulted with Movant concerning an appeal and the substance of that consultation; and whether the existing record conclusively resolves the claim or an evidentiary hearing is necessary. The United States shall submit any supplemental declaration from former counsel and relevant supporting records on which it relies.
4. Movant may file a reply within **thirty (30) days** after service of the supplemental response.

Dated this 16th day of November, 2026.

Honorable Scott H. Rash
United States District Judge